MEXICAN ONYX & TRADING CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 1, 1895.)

No. 1,225.

1. CUSTOMS DUTIES—CLASSIFICATION—"MEXICAN ONYX."

So-called "Mexican onyx," a mineral consisting chiefly of carbonate of lime and certain impurities, principally ferrous oxides, imparting to the material its beautiful and variegated colors, crystalline in structure, and belonging scientifically to the group of calcites, recognized by the leading dictionaries and encyclopedias as belonging to the general class of "marble," used for the same general purposes in ornamental and interior decoration as marble, and being worked and finished by the same processes, is properly dutiable as "marble in block," at 65 cents per cubic foot, under Schedule B, par. 123, of the tariff act of October 1, 1890, and is not free of duty as a "crude mineral," under paragraph 651 of the free list of that tariff act, as claimed in the protest of the importer.

2. SAME—REVIEW OF FINDINGS OF GENERAL APPRAISERS.

Where, upon a conflict of evidence before the board of United States general appraisers, arising chiefly upon the commercial meaning of the term "marble," there is sufficient proof to sustain their findings, such findings will not be disturbed.

3. SAME—RETURN OF PROCEEDINGS BY GENERAL APPRAISERS.

The fact that the return to the circuit court was not signed by the members of the board of general appraisers who took the evidence does not overcome the presumption that the appraisers who heard the case decided it. Special reference upon the merits was made to Batterson v. Magone, 48 Fed. 289.

This was an application by the Mexican Onyx & Trading Company, the importer of certain Mexican onyx, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on such merchandise.

W. Wickham Smith (of Curie, Smith & Mackie), for importer.

Wallace Macfarlane, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for collector and the United States.

COXE, District Judge (orally). The importation involved in this controversy is Mexican onyx. The collector classified it under paragraph 123 of the tariff act of October 1, 1890, which provides for "marble of all kinds." The importer protested insisting that it was covered by paragraph 651 of the free list as a "crude mineral." The board of general appraisers after taking proof sustained the classification of the collector. The importer appeals to this court.

The questions involved, as I understand them, are whether or not the importation in question is a species of the genus "marble" and was known as a variety of marble commercially and in common parlance. These are questions of fact and are presented to the court upon the same record that was presented to the board. I do not think it is necessary to enter into a discussion of these matters at length, for the reason that the question now presented to the court is not whether the court would have reached a different conclusion from the board had the proof been submitted to the court in the first instance, but whether or not the finding of the board is so contrary to the weight of evidence that the court is justified in setting it aside; whether or not the court, if this were an appeal from the report of a master or referee, would hold that there was such a lack of evidence to sustain the findings that the decision should be reversed. I think not. There was sufficient proof upon all the questions of fact presented to the board to sustain their findings. I cannot say that upon any of the questions involved there is no evidence to sustain the decision of the board or that the evidence so preponderates against their finding as to justify me in setting it aside.

It is suggested here that the rule, which I understand is the established rule of this court, is not applicable to this particular case, because the appraisers who heard the evidence did not decide upon the questions of fact. This contention is sought to be sustained by the suggestion that the report is signed by three appraisers who did not hear the evidence. I do not understand, however, that it follows from this fact that the case was not decided by the appraisers who heard the proof. The court should presume in the absence of proof to the contrary that the appraisers who heard the cause decided the cause. The mere fact that the report is signed by other appraisers is not conclusive to my mind as establishing a different proposition. It very frequently happens even in court cases that the judge who decides the case does not sign the decree. The decision of the board of general appraisers should be affirmed.