### DAVIES et al. v. MILLER et al.

(Circuit Court of Appeals, Second Circuit. December 7, 1898.)

#### No. 8.

CUSTOMS DUTIES—APPEAL—FAILURE OF PROOF.

> Where an importer, on the trial of an action at law in the circuit court to recover the amount of duties paid under protest, fails to introduce any competent evidence of one of the essential facts in relation to the goods alleged in his protest, and on which he based his claim for a different classification, the presumption of correct classification will prevail, and the direction of a verdict for the defendant is proper.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment of the circuit court, Southern district of New York, in favor of defendants. The action was brought to recover for alleged excess of duty upon certain shirts and drawers imported into the port of New York in 1873.

Stephen G. Clarke, for plaintiffs in error.
Henry C. Platt, Asst. U. S. Atty., for defendants in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The collector assessed duty on the goods, which were merino shirts and drawers, composed either of wool and cotton or of worsted and cotton, under section 2 of the act of March 2, 1867 (14 Stat. 516, c. 197), as follows:

"On woolen cloths, woolen shawls, and all manufactures of wool of every description made wholly or in part of wool, not herein otherwise provided for * * * on flannels, * * * knit goods, * * * and all manufactures of every description composed wholly or in part of worsted," etc.

Concededly, unless otherwise provided for, the importations would come within the comprehensive language of this section.

The plaintiffs claimed that the goods were dutiable under section 22 of the act of March 2, 1861, which provides for "caps, gloves, * * * wove shirts and drawers and all similar articles made on frames, of whatever material composed, worn by men, women or children and not otherwise provided for," and also under section 13 of the act of July 14, 1862, which contains similar provisions.

It will not be necessary to enter into any extended analysis of the successive statutes pertinent to the question presented, nor to reach any conclusion as to the effect of the act of 1867 upon the earlier acts of 1861 and 1862. It is essential to the plaintiffs' recovery upon their own theory that it be proved that the articles in question were manufactures of worsted, as distinguished from wool, and were, in fact, knit goods made on frames.

Upon the trial the plaintiffs showed the importation of certain merino shirts and drawers, and proved the payment of duties assessed upon the weight of the goods, amounting to $440.10. They also introduced their protest, in which they asserted that the merchandise consisted of "worsted shirts, drawers, and similar articles made on frames," and also that it consisted of "manufactures wholly or in part of wool." They called an examiner in the appraiser's department, and, having examined him, rested their case. Defendants put in no evidence. At the close of the trial plaintiffs requested the court to instruct the jury to return a verdict in their favor, and did not ask to go to the jury upon any question of fact. The witness testified on direct examination that he was employed as examiner in the appraiser's department in 1873; that he "supposed [he] could tell the distinction between wool and worsted"; that he "thought so then, and thinks so still"; that he finds upon the invoice a return made by himself; that the goods on the invoice are cotton hosiery, merino shirts, and merino pants ("pants" meaning "drawers"); that his return says "knit goods: worsted hosiery"; that he thought then that was correct, and thinks so still; that his judgment at the time was that they were worsted; and added, "I

judge, from the invoice, that they were made on frames." On cross-examination he said:

"I have no recollection of these goods, aside from seeing this invoice. Twenty-three years have passed. I don't remember that particular invoice. * * * I have been out twenty-three years. * * * Merino goods are often made of wool and cotton. The term 'merino goods' would not of itself indicate that there was any worsted in it. * * * These are knit goods made on frames. Some knit goods were made by hand. * * * Merino shirts were not made by hand, and imported here, that I ever knew. I never knew a case. I would judge they were made on frames simply because I find them described as merino."

Whether this evidence was of sufficient weight to overcome the presumption of correct classification by the collector, fortified by the admission in the protest that the goods were manufactures of wool, need not be considered. It wholly failed to establish by competent proof the proposition that they were made on frames. The circuit court therefore correctly directed a verdict for defendants. The judgment of the circuit court is affirmed.