### E. H. BAILEY & CO. v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. May 28, 1903.)

#### No. 19.

1. CUSTOMS DUTIES—DECISION OF BOARD OF GENERAL APPRAISERS—APPEAL.
   Where, on appeal from the decision of the board of general appraisers affirming the collector's classification of imported merchandise, there is no evidence to overthrow the classification, the decision of the board must stand.

William A. Keener, for plaintiff.

Wm. M. Stewart, Jr., and James B. Holland, for the United States.

J. B. McPHERSON, District Judge. This controversy concerns the classification of certain merchandise known commercially as "card cloth," but in the present state of the record I am unable to consider the merits. The goods were classified by the collector under paragraph 366 of the act of 1897 (Act July 24, 1897, 30 Stat. 151, c. 11 [U. S. Comp. St. 1901, p. 1666]) as a manufacture made wholly or in part of wool, not specially provided for, whereas the importer asserts that they should have been classified under paragraph 347 [U. S. Comp. St. 1901, p. 1664] as a manufacture of which flax is the component material of chief value. In support of this position the only evidence laid before the board of appraisers was two ex parte affidavits, which the board considered, but apparently did not accept. The opinion of the board is as follows:

"We find the description of the goods to be correctly stated in the report of the local appraiser, the articles being a fabric made in part of wool and in part of cotton and in part of flax, costing over 40 cents and less than 70 cents per pound. It is used in the manufacture of card clothing. It was assessed for duty under paragraph 366 of the tariff act of 1897, and is claimed to be dutiable under paragraph 347 of said act, as a manufacture of which linen is the component material of chief value. In our opinion, the goods were properly classified for duty. The protest is overruled, and the collector's decision is affirmed."

No evidence has been taken upon this appeal, and, as the government objects to the affidavits upon the ground that they are ex parte, and therefore not admissible, it is impossible for me to act upon them. It follows necessarily that, as there is no evidence to overthrow the classification of the collector, which was sustained by the board, it must stand.

The appeals must be dismissed.