### SCHOELLKOPF, HARTFORD & MACLAGAN v. UNITED STATES.

(Circuit Court, D. New Jersey. July 25, 1906.)

#### No. 1,093.

1. CUSTOMS DUTIES—APPEAL FROM GENERAL APPRAISERS—REVIEW OF FINDINGS—INCOMPLETE RECORD.

Where, on review by a Circuit Court of a decision of the Board of General Appraisers, under Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933], the record returned by the Board was defective by reason of the loss of the evidence on which the Board's findings were based, *held* that, no other evidence being presented, it must be conclusively presumed that the findings by the Board were proper and justifiable.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 205.]

2. EVIDENCE—PRESUMPTION FROM SIMILARITY OF NAMES.

It was contended by the importers of an article known as "dead oil" that it should have been assessed with duty at the rate held in various court decisions to be applicable to so-called dead oil. *Held*, that it cannot be assumed that dead oil is always and everywhere, either actually or commercially, the same article, nor, in the absence of evidence, that the article in question was the same as that covered by the decisions referred to.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 507, T. D. 11,064, which affirmed the assessment of duty by the collector of customs at the port of Perth Amboy.

Stanley, Clarke & Smith (Frederick W. Brooks, of counsel), for importers.

John B. Vreeland, U. S. Atty.

CROSS, District Judge. The importers' petition was filed in this court May 21, 1891, and an order was made on the same day directing the Board of General Appraisers to return to this court the record and evidence taken by them, together with a statement of the facts in the case, and their decisions thereon. The return of the Board made pursuant to this order, was filed August 9, 1905, and embraced only a copy of the importers' entry, a copy of the decision of the Board, together with a decision of the Board made in an earlier case and followed in this. The return stated that it was impossible to comply fully with the court's order by furnishing the en-

tire record, owing to the fact that the papers originally in the posses-
sion of the Board had been mislaid and could not be found, and that
the duplicate papers formerly in the files of the custom house at the
port of Perth Amboy had been destroyed under authority of the
Secretary of the Treasury.   The pertinent facts concerning the sub-
ject-matter of the importation, so far as they appear, and the findings
and conclusions of the Board thereon, may, perhaps, best be given in
the language of the Board of Appraisers, which follows:

"The merchandise the subject of this protest consisted of 3,593 barrels of
dead oil imported into' the port of Perth Amboy January 16, 1890.   The col-
lector levied duty thereon at 25 per cent. ad valorem under Act Oct. 1, 1890,
c. 1244, § 1, Schedule A, par. 76, 26 Stat. 570, adding the value of the
barrels as per invoice to make market value.   The protestants claim that the
dead oil is only dutiable at 20 per cent. under paragraph 19 (Schedule A, 26
Stat. 567), as a preparation of coal tar, also that the barrels should have been
admitted free under paragraph 493 (section 2, Free List, 26 Stat. 603), as
'barrels  *  *  *  of American manufacture exported filled with American
products  *  *  *  and returned filled with foreign products.'

The classification of dead oil under paragraph 76 was recently affirmed by
the Board in G. A. 453, T. D. 10,958; and we adopt the findings and conclusions
therein expressed.   The collector refused to admit the barrels free, because the
shipper and importer failed to comply with the treasury regulations of March
12, 1884 (T. D. 6,235), continued in force by order of August 7, 1890.

The protestants' entry did not contain a declaration by the importer of the
name of the exporting vessel, the date of the shipper's outward manifest, and
the marks and numbers upon the articles for which free entry is sought, or in
fact any information except the statement 'barrels of U. S. manufacture.'
In the oath annexed to the entry it is stated that the several articles of mer-
chandise mentioned in the entry are, to the best of the knowledge and belief
of the affiant, truly and bona fide manufactures of the United States, and that
they were truly exported and imported as therein expressed.   The shipper also
declares in his shipping bill that the articles hereinafter named are truly of
the manufacture of the United States, but he does not state what the articles
are.   The face of the shipping bill states 3,593 barrels of dead oil.   These
documents are palpably erroneous, incomplete, and wholly fail to meet the
requirements of the 'second' paragraph of the regulation before mentioned.
The protestants, having failed to furnish the proof required for free entry of
said barrels, could not properly insist upon their admission free under para-
graph 493. . The protest is overruled and the action of the collector affirmed."

As the foregoing statement contains all of the facts now before
the court, it is impossible to see how any relief can be afforded the
appellants.   In the absence of any proof to the contrary it must be
assumed that the findings of fact and the conclusions of the Board
thereon were proper and justifiable.   That is the only presumption
in the premises.   The following citations are pertinent to this view:
It·is apparent that the usual presumption of a legal collection is not
changed by the circumstances of this case, and that the burden is
upon the importer of overcoming this presumption by proof that the
exaction of the duties was unlawful.   Erhardt v. Schroeder, 155
U. S. 124, 130, 15 Sup. Ct. 45, 39 L. Ed. 94.   The presumption is
that the collector of customs acted rightly in imposing a duty on
imports, and the burden is on the one contesting validity of the duty
to show that it was·not properly imposed by the tariff laws.   Weil-
bacher et al. v. Merritt (C. C.) 37 Fed. 85.   Where an importer on
the trial of an action at law in the circuit court to recover the amount

of duties paid under protest fails to introduce any competent evidence of one of the essential facts in relation to the goods alleged in his protest, and on which he based his claim for a different classification, the presumption of correct classification will prevail, and the direction of a verdict for the defendant is proper. Davies et al. v. Miller et al., 91 Fed. 647, 34 C. C. A. 37. Where, on appeal from a decision of the Board of General Appraisers, affirming the collector's classification of imported merchandise, there is no evidence to overthrow the classification, the decision of the Board must stand. Bailey & Co. v. United States (C. C.) 122 Fed. 751; see, also, Meyer v. Cadwalader (C. C.) 49 Fed. 26.

The question now presented is not whether this court would have reached a different conclusion had the matter been presented to it in the first instance, upon the facts before the Board of General Appraisers, but whether the finding of the Board is so contrary to the weight of the evidence that the court is justified in setting it aside. Mexican Onyx & Trading Company v. United States (C. C.) 66 Fed. 732. As already stated, there are no facts presented, much less facts to warrant a finding that the classification made by the collector was incorrect or that the conclusions of the Board of Appraisers were not justifiable. The counsel for the petitioner have cited cases holding that the merchandise in question, dead oil, is dutiable under paragraph 19 of the act of 1890 (26 Stat. 567), at 20 per cent. ad valorem, rather than under paragraph 76 of said act (26 Stat. 570), at 25 per cent. ad valorem, as determined by the collector. But dead oil is not specifically mentioned in the act; and in the absence of proof it cannot be assumed that it is always and everywhere either actually or commercially the same article. For all that appears, evidence might show that it could properly be classified under either of said paragraphs, depending upon its derivation and manufacture. In other words, it cannot be assumed that the dead oil now in question is necessarily the same product referred to in the cases cited; and when we come to consider the question of the barrels, as to whether they were manufactured in the United States and should have been admitted free of duty under paragraph 493 of the act of 1890 (26 Stat. 603), the findings of the Board obviously put the petitioners out of court. The proceedings are held to be irregular not only, but the documents presented, including the shipping bill, which upon its face called for 3,593 barrels of dead oil, are declared, among other things, to be "palpably erroneous," and the conclusion reached was that the protestants failed to furnish the necessary proof required for the free entry of the barrels. It is useless to argue, however, when no facts are presented upon which to base an argument, and when, too, in the absence of such facts, everything is conclusively presumed in favor of the findings below.

A decree will be entered in favor of the respondent, with costs.